Zachary C. Lindley (368510)
**KIRTON McCONKIE**
301 N. 200 E., Ste. 3A
St, George, Utah 84770
Telephone: (801) 239-3160
zlindley@kmclaw.com

*Attorneys for Defendant Built Brands, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL ESPARZA, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BUILT BRANDS, LLC, a Utah limited liability company, d/b/a WWW.BUILT.COM,<br><br>Defendant. | Case No.: '26CV5256 JO SBC<br><br>State Case No.: 26CU041483C<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (the Class Action Fairness Act of 2005 (CAFA)), Defendant Built Brands, LLC ("Defendant") hereby respectfully removes this action from the Superior Court of California for the County of San Diego, Case No. 26CU041483C ("State Court Action"), to this United States District Court for the Southern District of California. No other defendants have been named requiring consent.

Per 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit 1**.

**GROUNDS FOR REMOVAL**

**I. General Allegations in State Court Complaint.**

On August 3, 2026, Plaintiff filed his Complaint in the State Court Action. *See* Complaint, included in Exhibit 1. Plaintiff claims he is a citizen of the State of California. *See* Complaint at ¶ 2. Plaintiff alleges Defendant is "not a citizen or domicile of California," which is accurate, as Defendant is a Utah limited liability company. *Id.* at ¶ 4. The Complaint is brought by Plaintiff purportedly "on behalf of all persons similarly situated," and Plaintiff seeks certification of a class action, as well as damages in

the form of statutory damages, punitive damages, restitution, injunctive relief, attorneys' fees and cost, and other relief. *Id.* at ¶¶ 26-33 and Prayer for Relief.

Plaintiff asserts three causes of action against Defendant: (1) Violation of Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*); (2) Violation of False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (3) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 e*t seq.*). All three claims are predicated on alleged violations of California's Automatic Renewal Law ("ARL") (Cal. Bus. & Prof. § 17600 *et seq.*). Among other things, Plaintiff claims Defendant violated the law by failing to disclose "key details of its cancellation policy and how to cancel in the fine print on its Website at the time of the consumer online checkout process and in its post-transaction acknowledgement" and misleading consumers by omitting "statutorily-required information" concerning cancellation and automatic renewals. *Id.* at ¶¶ 34-46.

On August 13, 2026, Defendant was served with the Summons and Complaint from the State Court Action. *Id.* Defendant is unaware of any other filings in the State Court Action and is also unaware of any other parties named by Plaintiff.

## II. Grounds Exist for Removal to Federal Court and Requirements are Satisfied.[1]

All requirements for removal have been satisfied, and grounds exist for the Court to remove the State Court Action. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

[1] By asserting that the amount in controversy exceeds the requisite thresholds, as stated herein, Defendant does not concede that Plaintiff Miguel Esparza is entitled to any of the relief sought in the Complaint. Defendant specifically denies Plaintiff's allegations and reserves all rights, defenses, and arguments with respect to liability, damages, and any forthcoming motion to certify a class.

**A. This Court Has Subject Matter Jurisdiction Under Diversity Jurisdiction.**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Complete diversity jurisdiction exists where a "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a). As Plaintiff alleges, he is a resident and citizen of the State of California. Defendant is a Utah limited liability company. Plaintiff does not allege a specific dollar amount in the Complaint, however, he seeks certification of a class of "at least 100 members" (*see* Complaint at ¶ 28). Further, the Complaint was filed as an "Unlimited" case, which is for cases that *exceed* $35,000, and under 28 U.S.C. § 1446(c), the amount in controversy may be asserted in the notice of removal if the "initial pleading seeks … nonmonetary relief" or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]" Accordingly, and based on the allegations, this case exceeds $75,000, exclusive of interest and costs.

**B. This Court Also Has Subject Matter Jurisdiction Under CAFA.**

As alternative and independent grounds for removal, this action is also removable to this Court pursuant to 28 U.S.C. § 1453 because it satisfies all requirements for federal jurisdiction under CAFA. CAFA grants original jurisdiction to federal district courts over class actions in which: (1) the matter in controversy exceeds $5,000,000, exclusive of interest and costs; (2) any member of the plaintiff class is a citizen of a State different from any defendant; and (3) the proposed class has at least 100 members. 28 U.S.C. § 1332(d)(2), (d)(5)(B). Each of these requirements is met here.

First, a defendant seeking removal under CAFA need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Here, the Complaint alleges that there are "at least 100 members of the Class." Complaint at ¶ 28. Based on the damages alleged, ranging from statutory damages, restitution, and punitive damages, the aggregate amount in controversy may easily exceed $5,000,000.

Second, minimal diversity exists. CAFA requires only "minimal diversity," *i.e.*, that any member of the plaintiff class is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges he is a citizen of California. *See* Complaint at ¶ 2. Built is a Utah limited liability company. *Id.* at ¶ 4. Therefore, minimal diversity exists.

Third, Plaintiff alleges that there are "at least 100 members of the Class." *Id.* at ¶ 28.

Therefore, this Court has jurisdiction of this matter under CAFA and removal is proper.

**C. Venue is Proper in this Court.**

Venue is proper in the United States District Court for the Southern District of California. The State Court Action was filed and is pending in the Superior Court of the State of California, County of San Diego and the County of San Diego is located within the Southern District of California. 28 U.S.C. § 84(d).

**D. Removal is Timely.**

This Notice of Removal is timely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The Complaint was served on Defendant on August 13, 2026. Therefore, the 30-day time limit has not yet run.

**E. No Other Related Cases.**

To Defendant's knowledge, there are no related cases pending in this Court.

**F. All Other Requirements Are Met.**

This Notice of Removal is filed in this Court because the State Court Action is pending in San Diego County, State of California. *See* 28 U.S.C. § 1441(a). A copy of all process, pleadings, and orders served upon Defendant are attached hereto. *See* 28 U.S.C. § 1446(a). No other defendants are named and therefore no consent is necessary. *Id.* at (b). Notice has been or will be sent/filed with all other parties and the State Court. *Id.* at (d).

Defendant voluntarily appears in this action for purposes of removal, and does so without waiving any defenses or affirmative defenses it may have, including but not limited to all those provided under Rule 12 of the Federal Rules of Civil Procedure.

DATED this 11th day of September, 2026.

Respectfully submitted,
Kirton McConkie

By: /s/ Zachary C. Lindley
Zachary C. Lindley
Attorneys for Defendant